CMR

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES O. HAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 07-cv-3960 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

FILED

APR 16 2009

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

**AND NOW**, this 15th day of April, 2009, upon consideration and careful review of Plaintiff's Brief in Support of Request for Review [Document No. 11], Defendant's Response [Document No. 12], as well as the attached Report and Recommendation of United States Magistrate Judge M. Faith Angell, [Document No. 18] to which no objection has been filed, and the Record herein, it is hereby **ORDERED** as follows:

1. The Clerk of Court is directed to remove this action from the suspense docket and return it to the active docket;

2. The Report and Recommendation of United States Magistrate Judge M. Faith Angell, dated August 13, 2008, is **APPROVED AND ADOPTED**;[1]

---

[1] In this action, brought pursuant to 42 U.S.C. § 405(g), Plaintiff seeks review of the final decision of the Commissioner of Social Security denying his income and benefits claims under the Social Security Act. In his Motion for Summary Judgment, Plaintiff argues, among other things, that the decision of the Administrative Law Judge ("ALJ") was not supported by substantial evidence, when he found at step three that Plaintiff did not have an impairment or combination of impairments that "meet or equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1." 20 C.F.R. § 404.1520. Specifically, the ALJ found that Plaintiff's impairments did not satisfy the criteria of Listing 8.04 (chronic infections of the skin or mucous membranes), "as the record does not document extensive ulcerations, just occasional. (Record at 18.) Plaintiff asserts that the ALJ confuses the term "extensive" which involves multiple or critical body sites, with the term "frequency," or the number of times lesions become visible on affected areas. (Pl.'s Br. [Document No. 11] at *10.)

To meet the requirements of Listing 8.04, a claimant must show that his impairment consists of "chronic

3. Plaintiff's Motion for Summary Judgment [Document No. 11] is **DENIED**;

4. The decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**;

5. Judgment is **ENTERED** in favor of Defendant and against Plaintiff; and

6. The Clerk of Court is directed to **CLOSE** this action for statistical purposes.

It is so **ORDERED**.

BY THE COURT:

CYNTHIA M. RUFE, J.

---

infections of the skin or mucous membranes, with extensive fungating or extensive ulcerating skin lesions that persist for at least three months despite continuing treatment as prescribed." 20 C.F.R. Part 404, subpart P. App. 1 at 8.04. Plaintiff argues that his lesions were extensive in both duration and frequency. (Pl.'s Br. at *10-*11.) Plaintiff does not, however, dispute the ALJ's finding that Plaintiff did not follow the prescribed treatments of Dr. Lehrman. (Record at 18-19.) Plaintiff failed to demonstrate that his lesions persisted for three months despite continuing treatment as prescribed. In order for Plaintiff to "show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis in original). Thus, even if his lesions were both extensive and frequent, according to the ALJ's findings, Plaintiff still does not satisfy the criteria of Listing 8.04. See Rutherford v. Barnhart, 399 F.3d 546, 553, 556) (3d Cir. 2005) (holding that remand was not required where error was harmless and did not affect outcome of the case).

Hence, the Court agrees with the Report and Recommendation ("R & R") of U.S. Magistrate Judge Angell as to the proper disposition of Plaintiff's requests and will approve and adopt the same. (See Document No. 18.) The R & R – to which no objections were filed – concludes that the ALJ's decision was based on substantial evidence and explained in a way sufficient to enable judicial review. The Court will deny Plaintiff's Motion for Summary Judgment, affirm the decision of the Commissioner to deny Plaintiff benefits and enter judgment in favor of Defendant and against Plaintiff.